IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § § § | |
| *Plaintiff,* | § § § | 5:25-CV-00553-JKP-RBF |
| vs. | § § § | |
| LAWRENCE JEANPIERRE, | § § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court is a Motion to Proceed *in Forma Pauperis* ("IFP"), Dkt. No. 1, filed by Defendant Jeanpierre following his removal of the case from state to federal court. This matter has been referred pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas.

Having considered the Application, it is recommended that the Court **DENY** Jeanpierre leave to proceed IFP. For the reasons discussed, Jeanpierre is **ORDERED** to submit the full $405 removal fee, as required, within 30 days from the date of this Report and Recommendation. If he fails to do so, the case should be remanded to state court.

### A.   The IFP Application Should Be Denied.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] A notice of removal likewise requires payment of a $405 fee in total by the removing party. *Id*. The Court, however, may waive the initial filing fee and costs where a party owing the fee submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual [party's] financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to parties who are unable to pay filing fees. *See Startti v. United State*s, 415 F.2d 1115, 1116 (5th Cir. 1969).

In Defendant's application, he does not list an employer or report having employment. He also reports having no source of income for the past 12 months. His response for whether he has any expenses is that the question is not applicable ("n/a"). He repeats the answer "n/a" for the amount of money in a checking or savings account, whether he has any item of value or any asset, whether he has any dependents, and whether he has any wages. Indeed, he does not provide a substantive answer for any question on the form. When asked about expenses, he states, "They are trying to take the one asset that I have and lien the rest with a judgment of overages . . . ." When asked about any debts or financial obligations, he repeats this answer. This answer alludes to the possession of an asset which is not reported in the form. Additionally, Defendant states, "I can pay

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

and will pay." He repeats that he will pay several times, and further states, "I unconditionally promise to pay either out of winnings or when ordered if necessary." Due to the lack of information provided in IFP application form and the repeated declarations that Defendant is able to pay, the Court finds Defendant ineligible for IFP status. Accordingly, the Court recommends that the Motion to Proceed IFP, Dkt. No. 1, be denied. Defendant is ordered to pay the applicable fee within 30 days of the date of this Recommendation.

### B.     Remand Is Warranted Even If the Fee Is Paid.

Even if Defendant pays the full fee, the case should still be remanded due to a host of deficiencies with the removal. First, Defendant Jeanpierre filed a procedurally infirm proposed notice of removal on May 12, 2025, which he attached to his Motion to Proceed *in Forma Pauperis*. *See* Dkt. No. 1. For removed cases, a Defendant is required to provide a JS-44 coversheet, *see* Local Rule CV-3 of the Western District of Texas. A defendant who has not provided the requisite coversheet and is notified of the deficiency must provide the coversheet within seven days of the notification. *Id*. To date, Defendant has not provided the JS-44 coversheet, although it is unclear whether he has previously been notified of the deficiency. He has now, as of this document, been notified of the deficiency, which must be corrected to avoid remand.

Second, under the Federal Rules of Civil Procedure, a removing party is required to provide, in addition to the notice of removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1446. Defendant has not provided any information from the state proceedings.

Third, while defects in the form or content of removal papers are typically not jurisdictional and may be cured by amendment after removal, *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*,

608 F.2d 145, 146 (5th Cir. 1979), allowing such amendment would not be appropriate here due to significant additional deficiencies that the Court will next discuss.

Fourth, Defendant's removal appears untimely. Under 28 U.S.C. § 1446(b)(1), a defendant has 30 days to file a notice of removal after receipt of service. Here, Defendant was initially sued on May 10, 2024, and successful service occurred on May 20, 2024. Defendant filed his Answer on June 25, 2024. *Id*. He did not file his notice of removal until almost a year after he was served.

Fifth, there is no federal question presented on the face of the state court pleading, even though that is the sole basis asserted by Defendant in support of the exercise of federal jurisdiction. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Plaintiff's complaint brings only state law claims. *See* Dkt. No. 4-1 (Original Petition in State Case). And "[t]o determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, Defendant fails to cite a proper basis for federal question jurisdiction when invoking defenses he raises in the state court case or new issues he believes arose during the course of that case (such as an unfair setting for a summary judgment hearing). *See* Dkt. No. 1. These matters do not appear "on the face of the plaintiff's properly pleaded" petition and are therefore not properly invoked for purposes of removal. *Manguno*, 276 F.3d at 723; *see Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988) (The court is to look to the Plaintiff's complaint, not the removal notice, to establish whether the case arises under federal law.").

4

**Conclusion and Recommendation**

The Court therefore recommends that Defendant Jeanpierre's pro se Application to Proceed in District Court without Prepaying Fees or Costs, Dkt. No. 1, be **DENIED**.

Defendant Jeanpierre is **ORDERED** to pay the full $405 removal fee and costs within 30 days from the date of this Report and Recommendation. If he fails to timely pay the fee, this Court recommends that the District Judge **REMAND** the case to the 285th Judicial District Court of Bexar County, Texas. If he does pay the fee, the District Court should take up the Motion to Remand, *see* Dkt. No. 4; *see also* Dkt. Nos. 5 (Response in Opposition) & 6 (Reply), on the merits and grant it for the reasons discussed above.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to

the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 12th day of September, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE